**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

P & L DEVELOPMENT, LLC,

    *Plaintiff*,

    v.

GERBER PRODUCTS COMPANY,
NESTLÉ S.A., PERRIGO COMPANY PLC,
L. PERRIGO COMPANY, and
PBM NUTRITIONALS, LLC,

    *Defendants*.

Civil Action No. 1:21-cv-05382-MKB-AYS

**DEFENDANTS PERRIGO COMPANY PLC, L. PERRIGO COMPANY,**
**AND PBM NUTRITIONALS, LLC'S OBJECTION TO THE**
**MAY 6, 2022 MEMORANDUM AND OPINION**

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 72(a), Defendants Perrigo Company plc, L. Perrigo Company, and PBM Nutritionals, LLC (the "Perrigo Defendants")[1] respectfully object in part to the May 6, 2022 Memorandum and Opinion ("Opinion") granting in part and denying in part the Perrigo Defendants' Renewed Motion to Seal.[2]  Dkt. No. 94.  The Perrigo Defendants object to the Opinion to the extent that it finds that certain proposed redactions to the Supply Agreement do not satisfy the Second Circuit's sealing test, which balances the public's presumptive right to access judicial documents against the privacy interests of those opposing disclosure.  *See* Op. at 3-5.  In particular, the Opinion failed to weigh the presumptive right of public access in light of Plaintiff's concession in opposition to the Perrigo Defendants' Motion to Dismiss that the Supply Agreement does not include an alleged "first right" or any other provision that restricts Plaintiff from purchasing infant formula from Gerber.  *See* Opp. to Mot. to Dismiss at 4-7, Dkt. No. 55; Opp. to Renewed Mot. to Seal at 7 n.3, Dkt. No. 91.  That concession is critically important to proper application of the Second Circuit's sealing test because it is now undisputed that access to the competitively sensitive information in the Supply Agreement is not necessary for the public to understand the arguments in support of or in opposition to the Perrigo Defendants' Motion to Dismiss.  As a result, the Renewed Motion to Seal should have been granted in full.[3]

---

[1]  Defendant Gerber Products Company ("Gerber") joins in this Objection.

[2]  The Perrigo Defendants do not object to the Opinion insofar as it grants their request to apply certain narrowly tailored redactions to the Gerber-Perrigo Supply Agreement (the "Supply Agreement") attached as Exhibit "A" to the Declaration of J. Clayton Everett, Jr. in Support of the Perrigo Defendants' Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss"), Dkt. No. 51.  Op. at 12.

[3]  The Opinion permits the following sections of the Supply Agreement to be sealed: "(1) the discrete percentage amount found at line 21 of Section 2.4; (2) the fifteen words following the word "Year" at lines 22 and 23 of Section 2.5; (3) the second sentence of Section 4.1; (4) Table B

## ARGUMENT

Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to [a magistrate judge's non-dispositive] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Fowler-Washington v. City of New York*, No. 19-cv-6590, 2020 WL 5893817, at *2 (E.D.N.Y. Oct. 5, 2020) (quoting Fed. R. Civ. P. 72(a)) (granting objections in part). While a "highly deferential standard" applies, *see Storms v. United States*, No. 13-cv-0811, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014) (Brodie, J.), Plaintiff's concession made in response to the Perrigo Defendants' Motion to Dismiss that the "first right" at the heart of its Complaint does not exist in the Supply Agreement creates extraordinary circumstances warranting reconsideration of the Opinion.

As the Opinion correctly observes, the Perrigo Defendants submitted the Supply Agreement as an exhibit to their Motion to Dismiss and cited certain provisions of that Agreement in their opening memorandum of law in support. Op. at 2 & n.1. The Perrigo Defendants relied on and cited to certain provisions in the Supply Agreement because the foundational allegation in the Complaint is that the Perrigo Defendants had a "first right" to purchase Gerber's excess infant formula capacity, which Perrigo allegedly exercised, resulting in Gerber's refusal to supply Plaintiff with infant formula. Compl. ¶¶ 1-10. The sole reason the Perrigo Defendants cited to the Supply Agreement in their Motion to Dismiss was to rebut the allegation that the Supply Agreement contained any such "first right" or other provision that restricted Plaintiff from

---

in Schedule 1; (5) Schedule 2 in its entirety; and (6) the table contained on page 16 of the Quality Agreement annexed to the Supply Agreement." *Id*. at 12. But it declines to permit the balance of the proposed redactions, which are listed in the Renewed Motion to Seal. *Id*.; *see also* Dkt. No. 87 (requesting to file under seal Sections 2.2-5, 2.7-8, 4.1, 10.1, Schedule 1, Schedule 2, certain information on page 16 of the Quality Agreement annexed to the Gerber-Perrigo Supply Agreement, and Schedule 7).

purchasing infant formula from Gerber.  Thus, at the time the Motion to Dismiss was filed, the Perrigo Defendants understood that certain provisions of the Supply Agreement (or, more precisely, the absence from the Supply Agreement of the "first right" alleged in the Complaint) would be "important to the District Court in determining the pending [Motion] and likewise important to the public's ability to understand any decisions reached in this matter."  *See* Op. at 9. That understanding changed fundamentally, however, when ***Plaintiff conceded in its opposition to the Motion to Dismiss that the Supply Agreement does not include the alleged "first right" that forms the factual foundation for all of Plaintiff's claims.***  *See* Opp. to Mot. to Dismiss at 4-7.  Rather than contesting this now undisputed fact, Plaintiff instead shifted to a new theory not pled in the Complaint that Defendants entered into a "wink and nod or handshake" agreement—separate from the fully-integrated Supply Agreement—to grant Perrigo a "first right" to purchase Gerber's excess manufacturing capacity and exclude the Plaintiff from the infant formula market. *Id.* at 5-6.  Indeed, Plaintiff argued in opposition to the renewed sealing motion that the Supply Agreement has "nothing to do with the adequacy of [Plaintiff's] Complaint."  *See* Opp. to Perrigo Renewed Mot. to Seal at 7 & n.3.

In sum, because it is now undisputed—and expressly conceded by Plaintiff—that the Supply Agreement does not contain the alleged restraint that forms the basis for Plaintiff's Complaint, it is unnecessary for the Court to rely on any specific information contained in the Supply Agreement to render a decision on the pending Motion to Dismiss, and there is no need for the public to have access to that material to understand the Court's disposition of the Motion.  As

a result, the presumptive right of public access to the Supply Agreement is extremely weak under the Second Circuit's sealing test.[4]

In applying the sealing test, however, the magistrate judge weighed the presumptive right of public access based solely on the arguments made in the Perrigo Defendants' Motion to Dismiss—without considering the significance of Plaintiff's subsequent concession that the Supply Agreement does not contain a "first right" or any other term that restricts Gerber's ability to supply Plaintiff with infant formula. *See* Op. at 6-12. The Perrigo Defendants respectfully submit that because Plaintiff has made it clear that consideration of the Supply Agreement is unnecessary to resolve the pending Motion to Dismiss and will not help the public understand its disposition, the balancing test weighs strongly in favor of sealing the confidential information in the Supply Agreement identified in the Perrigo Defendants' Renewed Motion to Seal and in the declarations of J. Clayton Everett and Kevin L. Goldberg in support. *See CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-cv-2581, 2021 WL 4135007, at *5 (S.D.N.Y. Sept. 10, 2021) (granting motion to redact certain material where the "the public would still be able to understand the Court's rationale for its decision"). In sum, as explained in the Renewed Motion to Seal and in the supporting declarations, disclosure of the confidential and sensitive information identified in the Supply Agreement poses a risk of competitive harm to the Perrigo Defendants and to Gerber that outweighs the weak presumption of public access under the Second Circuit's sealing test.

---

[4]     *See, e.g.*, *Allegra v. Luxottica Retail N. Am.*, No. 17-cv-05216, 2021 WL 4799032, at *2-3 (E.D.N.Y. Oct. 14, 2021) (holding that, "despite the strong presumption of disclosure that attaches," defendant's manufacturing information was entitled to sealing because of its risk of competitive harm if disclosed); *Stegmann on Behalf of Covetrus, Inc. v. Wolin*, No. 21-cv-1717, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (sealing "confidential business, operational and marketing strategies" information because the harm from its disclosure "outweighs the presumption of public access"); *Uni-Sys., LLC v. U.S. Tennis Ass'n, Inc.*, No. 17-cv-0147, 2019 WL 3753780, at *5 (E.D.N.Y. Aug. 8, 2019) (allowing the sealing of various documents containing information relating to "design, manufacturing and supplying processes, and pricing").

## CONCLUSION

For the foregoing reasons, the Perrigo Defendants respectfully request that the Court reverse the Opinion in part and enter an order granting the Perrigo Defendants' Renewed Motion to Seal in full.

Dated:  May 20, 2022                      Respectfully submitted,

 */s/  J. Clayton Everett, Jr.*
J. Clayton Everett, Jr. (pro hac vice)
William S.D. Cravens (pro hac vice)
Vincent C. Papa
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, D.C.  20005
Tel:  202.739.5860
Fax: 202.739.3001
clay.everett@morganlewis.com
william.cravens@morganlewis.com
vincent.papa@morganlewis.com

*Counsel for Defendants Perrigo Company plc,*
*L. Perrigo Company, and PBM Nutritionals, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of May 2022, Defendants Perrigo Company plc, L. Perrigo Company, and PBM Nutritionals, LLC's Objection to the May 6, 2022 Memorandum and Opinion was electronically filed and served via electronic mail on all counsel of record in the above-captioned case.

/s/ *Vincent C. Papa*