UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x

P & L DEVELOPMENT, LLC,

                            Plaintiff,

              -against-

GERBER PRODUCTS COMPANY,
PERRIGO COMPANY PLC, L. PERRIGO
COMPANY and PBM NUTRITIONALS,
LLC,

                          Defendants.

----------------------------------------------------------- x

**ORDER ON THE
PERRIGO DEFENDANTS'
OBJECTION TO JUDGE
SHIELDS' MAY 6, 2022
ORDER**

**21-cv-5382 (NG) (AS)**

GERSHON, United States District Judge:

      On May 6, 2022, the Honorable Anne Shields, magistrate judge, entered an order granting in part and denying in part the renewed motion of the Perrigo Defendants (Perrigo Company, PLC, L. Perrigo Company, and PBM Nutritionals, LLC) to seal certain portions of a purported Gerber-Perrigo Supply Agreement (the "Supply Agreement") that the Perrigo Defendants filed and requested that I consider in connection with their motion to dismiss. Pursuant to Federal Rule of Civil Procedure 72(a), the Perrigo Defendants filed a timely objection to portions of Judge Shields' order.

      Under Rule 72(a), a district judge may not "modify or set aside any part" of a magistrate judge's order, unless it "is clearly erroneous or is contrary to law." This is a "highly deferential standard," which imposes "a heavy burden" on a party seeking to overturn a magistrate judge's order. *Storms v. United States*, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014).

      To begin with, Judge Shields' carefully delimited order comprehensively and correctly analyzed the legal issues presented, and the Perrigo Defendants do not really argue otherwise. They argue only that Judge Shields accorded too much weight to the presumption of public

access, which Judge Shields balanced against the Perrigo Defendants' competing interest in keeping competitive information confidential, because Plaintiff P & L Development, LLC ("PLD") "conceded" in its motion to dismiss briefing that the Supply Agreement does not contain a "first right" to Gerber's excess supply.  Perrigo Defendants' Objection 3.  This was hardly a concession.  On the contrary, PLD argued, and I found, that the Supply Agreement attached by the Perrigo Defendants was irrelevant to resolving their motion to dismiss and not properly considered because it was not the agreement that the Plaintiff alleged in the Complaint.

The Perrigo Defendants submitted the Supply Agreement as supporting material in connection with their motion to dismiss and requested that I take it into account in resolving their motion.  Having done so, the weight to be accorded to the presumption of public access was not, as the Perrigo Defendants argue, "extremely weak."  *Id.* 4; *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (explaining that supporting material submitted in connection with a motion for summary judgment should be accorded the "highest" presumption of public access).  Nor are the Perrigo Defendants helped by my determination that the Supply Agreement was not properly considered in resolving their motion to dismiss.  As the court in *Lugosch* explained, the weight to be accorded to the presumption of public access does not depend "on the extent to which [documents are] relied upon in resolving the motion."  435 F.3d at 123.  For these reasons, the Perrigo Defendants fail to meet their burden to show that the weight Judge Shields accorded to the presumption of public access of the Supply Agreement was "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72.

In sum, the Perrigo Defendants' objection is denied and Judge Shields' May 6, 2022 order is affirmed.

**SO ORDERED.**

                        **/S/**
                 **NINA GERSHON**
                 **United States District Judge**

March 11, 2024
Brooklyn, New York