

| | Jonathan L. Lewis<br>Partner | 2200 Pennsylvania Ave, NW<br>Washington, DC 20037<br><br>**T**:  (202) 753-3824<br>**F**:  (202) 753-3838<br>**E**:  jlewis@lowenstein.com |

April 1, 2024

**VIA ECF**

Hon. Anne Y. Shields, U.S.M.J.
United States District Court, Eastern District of New York
United States Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re:  P & L Development, LLC v. Gerber Products Co. et al.
       Case No. 1:21-cv-05382-NG-AYS

Dear Judge Shields:

Counsel for Plaintiff P & L Development, LLC ("Plaintiff") and counsel for Defendants Gerber Products Company, Perrigo Company plc, L. Perrigo Company, and PBM Nutritionals, LLC ("Defendants") met and conferred pursuant to Fed. R. Civ. P. 26(f) on March 14, 2024. Pursuant to the Court's Initial Conference Order [ECF No. 108], the parties submit this Initial Joint Letter for your consideration prior to the initial conference scheduled for April 4, 2024 at 1:00 PM EST.

The parties have also agreed (subject to the Court's approval) on the attached Proposed Scheduling and Case Management Order, adapted from Your Honor's Discovery Plan Worksheet. The parties foresee discovery involving various third parties, including national retailers, as well as the involvement of expert witnesses. Therefore, our Proposed Scheduling and Case Management Order suggests extending the deadlines for completing both fact and expert discovery, as well as for filing motions to join new parties or amend pleadings.

Plaintiff requested that Defendants agree to certain modifications of Rules 30 and 35 of the Federal Rules of Civil Procedure regarding the number of depositions and written interrogatories, respectively. Defendants believe it is premature to engage in such discussions now when no depositions or written discovery has yet taken place.

1. **Name of the case.**

    *P & L Development, LLC v. Gerber Products Co. et al.*

2. **Basis for federal jurisdiction.**

    Jurisdiction over this action is conferred upon the Court under 28 U.S.C. §§ 1331 (federal question), 1337(a) (antitrust), § 1332 (diversity jurisdiction), and 15 U.S.C. § 15 (antitrust).

3. **Statement confirming that all defendants have been served and answered.**

Defendants Gerber Products Company, Perrigo Company plc, L. Perrigo Company, and PBM Nutritionals, LLC waived formal service of process. [ECF No. 9.] Defendants filed their answers to the complaint on March 21, 2024. [ECF Nos. 117, 118, 120, 122.]

4. **Statement as to whether there are counterclaims or crossclaims; descriptions of such claims; and confirmation that all parties have been served with respect to such claims.**

There are no counterclaims or crossclaims filed in this action.

5. **Plaintiff's explanation of the facts of the case as known to the plaintiff as of the date of the writing of the letter.**

Plaintiff P & L Development, LLC ("PLD") is a manufacturer, packager, and distributor of Store-Brand over-the-counter pharmaceuticals and consumer health care products.

As described in Judge Gershon's February 6, 2024 Memorandum Opinion denying Defendants' Rule 12(b)(6) motions:

> This case arises from PLD's efforts to bring competition to the alleged market "for the sale of Store-Brand infant formula" to U.S. retailers, such as Walmart, Kroger, CVS, Target, Meijer, Rite Aid, and Walgreens, in the face of Gerber and the Perrigo Defendants' actions to block PLD from entering the market. Complaint ¶¶ 1, 31. "Store-brand" products are products sold under private label brands that a retailer brands, manages, and sells in a specific chain of stores, in contrast to "branded" products, which a manufacturer or distributor brands and retailers sell nationally.

[ECF No. 102 at 2.]

> PLD brings claims against all Defendants for unreasonable restraint of trade under Section 1 of the Sherman Act, 15 U.S.C. § 1, conspiracy to monopolize under Section 2 of the Sherman Act, 15 U.S.C. § 2, and analogous state law under the Donnelly Act, N.Y. Gen. Bus. Law § 340. The Perrigo Defendants are named as defendants for unlawful maintenance of monopoly claims under Section 2 of the Sherman Act and the Donnelly Act, and a tortious interference with contract claim. PLD also brings a breach of contract claim against Gerber.

[*Id*. at 1.]

**Defendants' position as to the facts, as known to them as of the writing of the letter.**

Defendants Gerber Products Company ("Gerber") and Perrigo Company plc, L. Perrigo Company, and PBM Nutritionals, LLC ("Perrigo") are or were manufacturers of infant formula. Defendants compete fairly with other manufacturers of infant formula, including store-brand infant formula manufacturers. Perrigo and Gerber deny having entered into any anticompetitive agreement to block PLD or other potential infant formula

    manufacturers from entering the market. Gerber further denies that it breached a contract with PLD.

6. **Where appropriate to case, a statement that all HIPPA compliant authorizations have been provided or the date upon which those authorizations will be provided and, where applicable, that authorizations will be provided on a rolling basis.**

   This is not applicable to the present case.

7. **Joint statement describing in detail the paper discovery that can be exchanged — without the necessity for formal document requests. Such statement must include the date by which such paper discovery will be complete. Absent unusual circumstances, that date shall be no longer than 60 days following the date of the status letter.**

   On March 28, the parties exchanged Rule 26 initial disclosures. Each of the parties' initial disclosures identify categories of documents, electronically stored information, and tangible things that they may use to support their claims or defenses.

   Plaintiff is prepared to produce to Defendants no later than thirty (30) after the April 4 Initial Conference the following categories of documents in a format consistent with the Electronic Discovery Protocol: (1) certain readily available e-mails (with attachments, including presentations and spreadsheets containing projections of Plaintiff's sale of Store-Brand infant formula Retailers) exchanged between Plaintiff and Defendant Gerber Products Co., and (2) Plaintiff's presentation prepared for Walmart regarding Plaintiff's entry into the market to sell Store-Brand infant formula to Retailers and its contract with Defendant Gerber Products Co.

   Perrigo states that it can provide the Perrigo-Gerber contract, as well as documents related to the negotiation of the contract, by June 3, 2024.

   Gerber states that it can provide documents related to the negotiation of the Memorandum of Understanding between PLD and Gerber, by June 3, 2024.

8. **A date for submission of a joint status letter and proposed date for a telephone status conference with the Court.**

   Pursuant to the Proposed Scheduling and Case Management Order, the parties are available for a status conference the week of June 18, 2024, once Tier I discovery is completed. The parties will file a joint status letter no later than 3 days in advance of the conference.

Respectfully submitted,

/s/ Jonathan L. Lewis

*Counsel for Plaintiff*
*P & L Development, LLC*

cc: Hon. Nina Gershon, U.S.D.J. (via ECF)
     All Counsel of Record (via ECF)